IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-CV-243-BO

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| OSVALDO LUIS ABREU, individually and | ) | |
| d/b/a PASSION NIGHTCLUB; and | ) | |
| PASSION NIGHTCLUB, INC., a business | ) | |
| entity d/b/a PASSION NIGHTCLUB, | ) | |
| Defendants. | ) | |

This cause comes before the Court on plaintiff's motion for entry of default. Rule 55(a) of the Federal Rule of Civil Procedure provides that when a party against whom affirmative relief is sought has failed to plead or otherwise defend within the time allowed, and the failure is shown by affidavit, the clerk of court must enter default against the party.

A review of the record in this matter reveals that defendants have failed to properly appear in this action and plead or otherwise defend. However, after plaintiff moved for entry of default, defendants filed *pro se* a motion for review [DE 9], attaching to it a copy of correspondence electronically mailed to plaintiff on August 21, 2012. The correspondence states that defendant Abreu "would like to respond to your complaint civil action No. 5:12cv243-BO." [DE 9-1]. In light of defendants' *pro se* status, the Court construes the motion for review liberally and interprets it as a motion to set aside entry of default pursuant to Rule 55(c). *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[a] document filed *pro se* is to be liberally construed") (quotation omitted); Fed. R. Civ. P. 55(c). Entry of default may be set aside for good cause shown, and a

court should consider factors such as whether the party has a meritorious defense, whether the party has acted with reasonable promptness, and the availability of less drastic sanctions when deciding whether to set aside the entry of default. *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204-05 (4th Cir. 2006).

Although it is unclear from defendants' filing whether a meritorious defense exists, defendants' response to plaintiff's complaint, though not filed with the Court, was e-mailed to plaintiff within the time for filing an answer or other responsive pleading. In light of defendants' *pro se* status, their attempt to plead or otherwise defend in this matter, and the lack of any evidence of a history of dilatory action, the Court finds that a less drastic sanction than entry of default is appropriate. Accordingly, because the Court in its discretion would set aside default in this matter, it declines to enter formal default. *Brown v. Weschler*, 135 F. Supp. 622, 624 (D.D.C. 1955).

## CONCLUSION

In light of the foregoing, plaintiff's motion for entry of default [DE 8] is DENIED WITHOUT PREJUDICE and defendants' motion for review [DE 9] is GRANTED. The time for filing an answer or other responsive pleading in this matter is hereby extended to fourteen (14) days from the date of entry of this order. Defendants are notified that while individual "parties may plead and conduct their own cases personally," 28 U.S.C. § 1654, business entities may not appear in this Court without representation by counsel. *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Counsel*, 506 U.S. 194, 202 (1993); *see also RZS Holdings AVV v. PDVSA Petroleo S.A.*, 506 F.3d 350, 354 n.3 (4th Cir. 2007). Plaintiff is given leave to re-file its motion for entry of default should defendants fail to properly appear and responsively plead or defend in

2

the time allowed.

SO ORDERED, this 15 day of February, 2013.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE